act exclusion in the policy (*see, Shapiro v Glens Falls Ins. Co.*, 39 NY2d 204; *Brandstetter v USAA Cas. Ins. Co.*, 163 AD2d 349, 350, *lv dismissed and lv denied* 78 NY2d 1027; *Weinberg v Insurance Co.*, 88 Misc 2d 82, 83-84). Because no cause of action would exist "but for" the defamation, the conclusory assertion in the Sauer complaint that plaintiff was negligent is insufficient to obligate defendant to defend or indemnify plaintiff (*see, Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 822-823).

In light of our decision, we do not reach defendant's remaining contention. We modify the order, therefore, by granting defendant's cross motion and granting judgment in favor of defendant, declaring that it has no obligation to defend or indemnify plaintiff in the underlying action. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Declaratory Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.

■ ROBERT J. CORONA, JR., et al., Respondents, v GALLINGER REAL ESTATE BETTER HOMES & GARDENS, INC., et al., Respondents, and TOWN OF MANLIUS, Appellant, et al., Defendant (Appeal No. 1.) [665 NYS2d 598] — Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Major, J. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.

■ ROBERT J. CORONA, JR., et al., Respondents, v GALLINGER REAL ESTATE BETTER HOMES & GARDENS, INC., et al., Respondents, and TOWN OF MANLIUS, Appellant, et al., Defendant. (Appeal No. 2.) [665 NYS2d 599] —Order unanimously affirmed with costs (*see, Matter of Hurley v Avon Cent. School Dist.*, 187 AD2d 983). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Renewal.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.

■ In the Matter of JUSTIN STARKWEATHER, an Infant, by LESLIE KELLY, as Guardian, Petitioner, v BRIAN WING, as Acting Commissioner of New York State Department of Social Services, Respondent. [662 NYS2d 658] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner's infant is a 14-year-old boy who is completely wheelchair dependent and without the strength to propel a manual wheelchair because of cerebral palsy, spastic quadriplegia and other ailments. He lives with his 60-year-old grandparents, who have a history of back problems, in a mobile